UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSE ISMAEL RECINOS ACOSTA,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>BRUCE SCOTT, et al.,<br><br>　　　　　Respondents. | Case No. C26-0405-SKV<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner Jose Ismael Recinos Acosta is currently detained by U.S. Immigration and Customs Enforcement (ICE) at the Northwest ICE Processing Center (NWIPC) in Tacoma, Washington. Petitioner, through counsel, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. *See* Dkt. 1; *see also id*. at 8-19 (declaration of counsel Eric Cascio). Respondents filed a return to the petition, *see* Dkt. 5; *see also* Dkts. 6 & 7 (declarations of ICE Deportation Officer Paul Correa and counsel Michelle Lambert), and Petitioner filed a traverse to the return, Dkt. 10; *see also id*. at 9-19 (second declaration of Cascio). The Court, having reviewed the parties' submissions and the governing law, herein DENIES the petition without prejudice for the reasons set forth below.

/ / /

# I. BACKGROUND

Petitioner is a native and citizen of El Salvador who entered the United States at an unknown place in or about November 2006 without admission or parole. Dkt. 6, ¶3. He was placed in removal proceedings following his arrest for violation of immigration laws on September 2, 2025. *Id.*, ¶¶4-5. The immigration court in Tacoma subsequently denied Petitioner's request for a bond upon finding him subject to mandatory detention, and Petitioner filed an application for relief from removal. *Id.*, ¶¶6-7. On November 12, 2025, the immigration court denied Petitioner's application for cancellation of removal and ordered him removed to El Salvador. *Id.*, ¶8; Dkt. 1 at 9, ¶3 & Ex. A.

Petitioner thereafter unsuccessfully attempted to file an administrative appeal of the removal order and an emergency motion to stay removal with the Board of Immigration Appeals (BIA). Dkt. 6, ¶¶9-12, 14. He also filed a habeas petition in this Court seeking enforcement of his rights as a member of the Bond Denial Class certified in *Rodriguez Vazquez v. Bostock*, C25-5240-TMC (W.D. Wash. filed Mar. 20, 2025). *See Zavala v. Hermosillo*, C25-2627-TMC, Dkt. 1 (W.D. Wash. Dec. 19, 2025). By Order dated December 23, 2025, the Court granted the habeas petition and directed that, within fourteen days of receiving a request for a bond hearing, Petitioner be released or provided a bond hearing. *See id.*, Dkt. 18.

Late in the evening of January 2, 2026, ICE officers informed Petitioner he would be deported the following morning. Dkt. 1 at 9, ¶5; Dkt. 10 at 9, ¶2 & Ex. A, ¶3. The deportation procedures continued until around 7:00 a.m. on January 3, 2026, when Petitioner was informed the removal had stopped. Dkt. 10, Ex. A, ¶3. An email from an ICE officer to Petitioner's counsel dated January 16, 2026, provided "confirmation and reassurance" that Petitioner "was

promptly removed from the ICE AIR manifest and is currently labeled in . . . [ICE] systems as to not be removed until after his bond hearing." *Id*. at 9, ¶3 & Ex. B.

On January 27, 2026, the immigration court held a custody/bond hearing and denied bond, finding Petitioner a flight risk. Dkt. 1 at 9, ¶4 & Ex. B; Dkt. 6, ¶13. On February 1, 2026, Petitioner again filed a motion to accept late appeal with the BIA, as well as an emergency motion to stay removal. Dkt. 1 at 9, ¶¶6-7. Petitioner, also in early February 2026, filed in the immigration court a motion to reopen, accompanied by an emergency motion to stay removal and a motion to expedite, and submitted a U-visa filing packet to United States Citizenship and Immigration Services (USCIS). *Id*., ¶¶7-9.

On February 4, 2026, Petitioner filed the habeas petition now under consideration. Dkt. 1. The Court, on that same date, issued its immigration habeas scheduling order, ordering Respondents to show cause why the writ of habeas corpus should not be granted and to provide Petitioner and his counsel notice prior to any action to move or transfer Petitioner from the Western District of Washington or to remove him from the United States. Dkt. 2.

On February 26, 2026, the BIA issued an Interim Order accepting Petitioner's appeal and indicating that a briefing schedule will be set. Dkt. 10 at 10, ¶4 & Ex. C. Petitioner also filed a motion to remand and a bond appeal with the BIA. *See* Dkt. 6, ¶16; Dkt. 10 at 10, ¶6.

## II.    DISCUSSION

In the petition, Petitioner requests "process-preserving relief narrowly focused on preventing removal or out-of-district transfer" so that he is not deprived of meaningful access to his counsel and adjudicators, and to avoid mooting this Court's ability to provide effective habeas relief. Dkt. 1 at 3. He clarifies that he does not seek review of the merits of any removal order, and requests that the Court promptly enter and apply its immigration-habeas scheduling

order and notice protections, including notice to his counsel prior to any action to remove him from the United States or transfer him out of this District during the pendency of this case. *See id*. at 3, 5-6. He asks, in the alternative and "if the Court concludes that notice-based scheduling protections are insufficient to prevent irreparable constitutional process harm or mootness on the present facts," that the Court order his release from custody under reasonable conditions of supervision during the pendency of these proceedings. *See id*. at 6.

Respondents assert that Petitioner is not entitled to an order enjoining a potential future transfer or removal, or to release. Dkt. 5. They note that Petitioner provides no legal basis for his release from detention, and argue, *inter alia*, that any relief concerning his potential removal is no more than speculative given that he is not subject to an administratively final order of removal due to his pending BIA appeal. *See id*. at 4 (citing 8 U.S.C. § 1231(a)(1)(B)).

In the traverse, Petitioner acknowledges developments that substantially address the immediate concerns prompting the petition, including the BIA's formal acceptance of his appeal, the Court's scheduling order providing notice protections, and Respondents' representation that they will not execute his removal during the BIA appeal. *See* Dkt. 10 at 4. Petitioner therefore does not seek additional injunctive relief, but asks that the Court maintain jurisdiction under the existing scheduling order rather than dismissing the petition. *See id*. He points to the January 2, 2026, incident in which ICE "demonstrated a willingness to initiate removal without providing notice to counsel and in apparent disregard of a federal court order[,]" and asserts that the Court's continued oversight during the BIA appeal would serve to ensure currently existing process protections. *Id*. He acknowledges that the appeal process "will extend for a substantial period," but asserts that, "if it is ultimately denied, removal risk reactivates immediately." *Id*. Alternatively, should the Court conclude that the petition has been rendered moot by the

scheduling order and Respondents' commitments, Petitioner requests dismissal without prejudice to refiling should circumstances change.

Petitioner does not identify any basis for the Court to maintain jurisdiction over this matter while his BIA appeal is pending. His concern as to the possibility of removal does not suffice. As Respondents observe, a habeas petition "cannot be used to seek relief for claims that are speculative or otherwise not ripe for review." *Van Huynh v. Bondi*, C25-2093-KKE, 2025 WL 3534210, at *5 (W.D. Wash. Dec. 10, 2025) (citing *Thomas v. Union Carbide Agr. Prods. Co.*, 473 U.S. 568, 580 (1985)). A "claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Alcoa, Inc. v. Bonneville Power Admin.*, 698 F.3d 774, 793 (9th Cir. 2012) (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)) (cleaned up). Here, Petitioner's BIA appeal remains pending and the petition for habeas relief does not present any claim that is ripe for review. The Court, as such, finds the petition properly dismissed without prejudice.

### III.   CONCLUSION

For the reasons set forth above, the Court DENIES Petitioner's petition for a writ of habeas corpus and DISMISSES this case without prejudice. The Clerk shall send copies of this Order to all counsel of record.

Dated this 10th day of March, 2026.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER DENYING PETITION FOR WRIT OF
HABEAS CORPUS - 5